

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 15, 1939

Hon. E. H. Thornton, Jr.
Chairman, Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir;

> Opinion No. O-495
> Re: Section 3 Article 7 of the
> Constitution does not pro-
> hibit the Legislature from
> setting the salaries of em-
> ployees of the State Board
> of Education

Your inquiry with reference to the construction of Article 7 Section 3 of the Constitution of Texas is received.

In your communication you call attention to an opinion rendered by the Attorney General's Department under date of February 21, 1936, addressed to the Honorable L. A. Woods, State Superintendent, and you attach a copy of that opinion to your inquiry.

Section 44 of Article 3 of the Constitution, among other things, provides;

> "The Legislature shall provide by law for the compensation of all officers, ser-vants, agents and public contracter not provided for in this Constitution."

Section 3 of Article 7 was adopted at an election held November 2, 1926, and, among other things, provides that out of certain funds to be derived from taxation "it shall be the duty of the State Board of Education to set aside a sufficient amount out of the said tax to provide free text-books for the use of children attending the pub-lic free schools of this State; provided, however, that should the limit of taxation herein named be insufficient the deficit may be met by appropriation from the general

fund of the State."

At the time of the adoption of this amendment Section 8 of Article 7 of the Constitution provided:

"The Governor, Comptroller and Secretary of State shall constitute a Board of Education, who shall distribute said funds to the several counties and perform such other duties concerning public schools as may be prescribed by law."

At an election held November 6, 1928, Section 8, Article 7 of the Constitution was amended so that it now reads:

"The Legislature shall provide by law for a State Board of Education, whose members shall be appointed or elected in such manner and by such authority and shall serve for such terms as the Legislature shall prescribe not exceeding six years. The said Board shall perform such duties as may be prescribed by law."

State constitutions are adopted as a whole, and a clause which, standing by itself, might seem of doubtful import may yet be made plain by comparison with other clauses or portions of the same instrument; therefore, it is a proper rule of construction that the whole is to be examined with a view to arriving at the true intent of each part.

In construing Section 3 Article 7 of the Constitution, the whole instrument must be considered, and particularly the provisions of the Constitution above quoted. It will be noted that in Section 3 of Article 7, if the funds derived from the sources of taxation mentioned in the section are depleted, the Legislature will be called upon to supply the deficiencies from the general revenues. Employees of the State Board of Education are either officers, servants or agents of the State, and Section 44 of Article 3 places within the exclusive jurisdiction of the Legislature the matter of providing for their compensation. Since the adoption of Section 3 of Article 7, Section 8 of Article 7 has been amended, and the Legislature is directed to provide for a State Board of Education, whose members shall be appointed or elected, and who shall perform such duties as may be pre-

scribed by law.

When all of these provisions are considered and given full force and effect, the conclusion must necessarily be reached that the Legislature has exclusive control over the compensation to be received by the officers, servants and agents of the State, including the employees of the State Board of Education. Strength is given to this construction when the provisions of Section 3 of Article 7 are considered, which provide that any deficiencies which may be created in the funds must be met by appropriation from the general funds of the State.

We are therefore of the opinion that Section 3 of Article 7 of the Constitution does not limit the power given to the Legislature by Section 44 of Article 3 of the Constitution, and that the Legislature may provide for the compensation of employees of the State Board of Education, thereby fixing their salaries.

The opinion above referred to is hereby overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

A. S. Rollins
Assistant

ASR-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS